UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:99-cr-0059-05 (LJM/KPF) |
| | ) | |
| MARVIN DUMES, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on January 25, 2012, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on January 24, 2012, and to submit to Judge McKinney proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

All proceedings were held on February 8, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Dumes appeared in person and his appointed counsel, Bill Marsh, the Indiana Federal Community Defender. The government appeared by Josh Minkler, Assistant United States Attorney. U. S. Parole and Probation appeared by Shelly McKee, U. S. Parole and Probation Officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Bill Marsh, the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Dumes in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Dumes and his counsel who informed the Court they had read and understood the specifications of violations charged herein and waived further reading thereof.

3. That Mr. Dumes was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Dumes would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Dumes had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Dumes had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation entered on January 25 , 2012.

7. The defendant, by counsel, and the government stated their readiness to proceed with the preliminary hearing regarding the Petition now under consideration. The preliminary hearing was

held. The government offered its evidence by the testimony of Shelly McKee, U.S. Parole and Probation officer, and in the form of Exhibits 1 and 2. The exhibits were admitted without objection by the defendant. The government rested. The defendant testified on his own behalf, denying the alleged specifications of violations in the Petition. The Court finds the defendant's testimony perjurous. The Court took judicial notice as to all relevant and material papers and pleadings in the Clerk's file prior to the beginning of the preliminary hearing. The Court found bases in fact for the specifications of alleged violations, and he was held to answer.

8. The defendant, by counsel, and the government stated their readiness to proceed with the revocation hearing. The government and the defendant offered no additional evidence and submitted the case in the revocation phase on the evidence previously admitted in the preliminary hearing. Both parties then rested.

9. The Court finds the testimony of Mr. Dumes incredible and of no weight. The Court finds the testimony and exhibits admitted in the revocation hearing clearly and convincingly have proven the specifications of alleged violations set forth in the Petition to revoke his supervised release as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **2** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| **3** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

> On October 27 and 31, and November 5 and 10, 2011, Mr. Dumes provided drug screens which tested invalid (diluted) and positive for marijuana. On November 17 and 21, and December 13, 16, 28, and 31, 2011, and January 12, 2012, Mr. Dumes provided urine specimens which tested positive for marijuana. A subsequent drug screen collected January 15, 2012, tested negative.

The Court further finds:

1) Mr. Dumes has a relevant criminal history category of IV. *See,* U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Dumes constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Dumes is 12 to 18 months.

4) The parties did not agree on the appropriate disposition of the case.

10. The parties presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations and evidence submitted by the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release. The defendant's supervised release is therefore **REVOKED** and Marvin Dumes is sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day. Upon service of his sentence, the defendant will be subject to 3 years and 364 days of supervised release under the same conditions imposed at sentencing.

The Magistrate Judge requests that Shelly McKee, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a

supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure.* You shall have within fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of facts and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings of recommendations to which an objection is made.

The District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Dumes' supervised release and the sentence imposed of imprisonment of 12 months and 1 day in the custody of the Attorney General or his designee. Upon release from incarceration, the defendant will be subject to three years and 364 days of supervised release under the same conditions imposed at sentencing.

**IT IS SO RECOMMENDED** this 9th day of February, 2012.

                                                                                Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Josh Minkler,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Bill Marsh,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service